IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BOBBY P. SUTTON                                                                                        PLAINTIFF

      v.                                  Civil No. 6:14-cv-6034

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                   DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Bobby Sutton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act").  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**I.**    **Background:**

      Plaintiff protectively filed his application for DIB on May 17, 2011, alleging an onset date of February 18, 2010, due to neck problems, high blood pressure, a right hip problem, numbness in his hands, and a left eye injury.  (Tr. 24, 181-185).  For DIB purposes, Plaintiff retains insured status

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

through December 31, 2015.  (Tr. 26, Finding 1).  Plaintiff's application was denied initially and on reconsideration.  An administrative hearing was held on September 13, 2012, at which Plaintiff appeared with counsel and testified.  (Tr. 42-75).  A Vocational Expert ("VE") was also present and testified.  (Tr. 70-74).

On November 30, 2012, the Administrative Law Judge ("ALJ") entered an unfavorable decision.  (Tr. 24-36).  In this decision, the ALJ determined Plaintiff had the following severe impairments: "spine disorder, loss of visual acuity, hypertension and morbid obesity."  (Tr. 26, Finding 3).  After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing.  (Tr. 28-29, Finding 4).

The ALJ next evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr.29-34).  The ALJ first evaluated Plaintiff's subjective complaints and found he was not entirely credible.  (Tr. 30-31).  The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b).  The claimant can lift and carry ten pounds frequently and twenty pounds occasionally.  The claimant can stand or walk for six hours in an eight-hour work day.  The clamant can sit for six hours in an eight-hour workday.  The claimant can occasionally balance, stoop, bend, kneel, crouch, crawl, and climb stairs.  The claimant can never climb ladders.  The claimant can use either arm only occasionally for overhead reaching.  The claimant has a limited visual field on the left, but can see with corrective lenses.  The claimant must avoid extreme heat and jobs that require driving.

(T. 29, Finding 5).

With the help of a VE, the ALJ evaluated Plaintiff's past relevant work ("PRW").  (Tr. 34, 70).  The ALJ determined Plaintiff could not perform any PRW.  (Tr. 34, Finding 6).  The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 35-36, 70-74).  Based on the VE's testimony, the ALJ

determined Plaintiff retained the capacity to perform the requirements of the representative occupation of general office clerk. (Tr. 35, Finding 10). The ALJ concluded Plaintiff was not disabled. (Tr. 36, Finding 11).

Plaintiff requested a review of the hearing decision by the Appeals Council on December 7, 2012, which denied the request on January 23, 2014. (Tr. 2-6). On March 10, 2014, Plaintiff filed the present appeal. (ECF No. 1). The Parties consented to the jurisdiction of this Court on March 11, 2014. (ECF No. 5). Both Parties have filed appeal briefs, and the case is ready for decision. (ECF Nos. 10, 11).

## II. Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must

be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether a claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. 20 C.F.R. §§ 404.1520(a)-(f)*; Cox*, 160 F.3d at 1206. The fact finder only considers Plaintiff's age, education, and work experience in light of his RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**III.    Discussion**:

Plaintiff argues on appeal the ALJ failed to (1) properly assess his severe impairments under Listing 1.02, (2) erred in the analysis of a treating physician's opinion, (3) erred in the RFC determination, and (4) failed to include a limitation in the hypothetical question. (ECF No. 10 at 1).

The record shows Plaintiff's reaching and manipulative abilities were limited after he suffered a workplace spinal injury on November 3, 2009. (Tr. 313). On July 1, 2010, Plaintiff underwent an anterior cervical discectomy, partial corpectomy, and cervical fusions at the C5-6 and C6-7 levels. (Tr. 376-377). Plaintiff's surgery was considered a success, but the procedure did not entirely eliminate Plaintiff's symptoms. (Tr. 362, 376-377). Plaintiff reported numbness and tingling in both of his hands and pain in his shoulders to physicians after his surgery. (Tr. 365, 368,

374-375, 378, 381, 392, 398). MRIs of Plaintiff's spine in November and December 2010 and a Cervical Myelogram in January 2011 revealed a "mild irregularity of the exiting nerve root at the left at C5-6 and on the right at C6-7" and mild foraminal narrowing. (Tr. 363, 476-477, 482-483). Plaintiff's treating neurologist, Dr. James Adametz, indicated Plaintiff continued to have "numbness in his right index and middle finger that would fit with about a C6-7 problem" in March 2011. (Tr. 361). Jonathan Norcross, the State's non-examining physician, completed a physical RFC assessment in August 2011 and opined Plaintiff's ability to reach in all directions (including overhead) was limited, an opinion affirmed by Dr. Sharon Keith in November 2011. (Tr. 258, 681).

Based on the record, the ALJ's RFC determination restricted Plaintiff to occasional overhead reaching. (Tr. 29). At the hearing, the ALJ presented the VE with a hypothetical person who could perform light work; occasionally climb stairs; never climb ladders; occasionally balance, stoop, kneel, crouch, and crawl; could not drive or work with hazardous machines; and "can use either arm, but only occasionally, for overhead reaching." (Tr. 71-73). The VE testified an available job for the hypothetical person was general office clerk (DOT No. 209.562-010). (Tr. 72-73). No other positions were recommended by the VE and accepted by the ALJ.

While the ALJ's RFC determination was supported by substantial evidence, the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). The DOT is silent on the degree of reaching required for the general office clerk position, but the Selected Characteristics of Occupations Defined ("SCO") explains the position requires frequent reaching.[2] Consequently, there was a conflict between the DOT and the VE's testimony. *See Moore*

---

[2] Social Security Ruling 00-4p states, "in making disability determinations, the SSA relies primarily on the DOT, including its companion publication the Selected Characteristics of

*v. Colvin*, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs the SCO indicated required frequent reaching).

When a conflict exists between the DOT and VE testimony, an ALJ has an affirmative responsibility to address the conflict. *See Young v. Apfel*, 221 F.3d 1065, 1070 (8th Cir. 2000). In *Moore*, the Eighth Circuit concluded that when there is an apparent conflict between VE testimony and the DOT, the ALJ must elicit a reasonable explanation and resolve the conflict by determining if the expert's explanation provides a basis for relying on the VE's testimony instead of the DOT. 769 F.3d at 990. The Eighth Circuit further held:

> Absent adequate rebuttal, however, VE testimony that conflicts with the DOT does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform.

*Id*. (quoting *Kemp v. Colvin*, 743 F.3d 630, 632 (8th Cir. 2014)). In this case, it was not clear the VE recognized the conflict between the hypothetical and the DOT, and no explanation for the conflict was presented at the hearing. There was also no indication the ALJ addressed or resolved the conflict in the written decision. Even though the ALJ responded his testimony was consistent with the DOT, this response did not resolve the conflict. *See Kemp*, 743 F.3d at 632-633 (stating an ALJ is not absolved of a duty to investigate a conflict simply because a VE responded "yes" when asked if his testimony was consistent with the DOT).

The ALJ should have questioned the VE about the inconsistency between his testimony and the DOT and SCO's description of the position, and explained the decision to credit the VE's

---

Occupations Defined, for information about the requirements of work in the national economy."

testimony in light of the conflict. *See Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014). The Court concludes the ALJ did not resolve a conflict between the VE's testimony and the DOT, therefore, the VE's testimony was not substantial evidence. On remand, the ALJ should obtain a reasonable explanation for the conflict between the VE's testimony and the DOT. The ALJ is permitted to resolve the issue through written interrogatories posed to the VE. *See Kemp*, 743 F.3d at 633, n. 3.

**IV.    Conclusion:**

For reasons stated in a memorandum opinion of this date, I hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

If Plaintiff wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412, an application may be filed up to thirty (30) days after the judgment becomes "not appealable" i.e., thirty (30) days after the sixty (60) day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B),(d)(2)(G).

**Dated this 4th day of March, 2015.**

                                          /s/   Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE